UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA PAYLAN,

    Plaintiff,

v.                                                                   Case No: 8:15-cv-1366-T-36AEP

PAMELA BONDI, PAMELA BONDI,
MARK OBER, MARK OBER, DARRELL
DIRKS, CHRISTINE BROWN,
CHRISTINE BROWN, CITY OF TAMPA,
JANE CASTOR, JANE CASTOR, BRIAN
BISHOP, BRIAN BISHOP, MARK
DETRIO, MARK DETRIO, MICHAEL
QUILL, MICHAEL QUILL, JEFFREY
MORELOCK, JEFFREY MORELOCK,
RUSSELL MARCOTRIGIANO, RUSSELL
MARCOTRIGIANO, COMANECI
DEVAGE, COMANECI DEVAGE,
KHALIL ABDO, MARIE SILVA, DOES,
DARRELL DIRKS, HILLSBOROUGH
COUNTY SHERIFF'S OFFICE and
KENNETH GOODMAN,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Anthony E. Porcelli (Doc. 115). In the Report and Recommendation, Magistrate Judge Porcelli recommends that Defendant Michael Quill's Motion to Vacate Default and to Dismiss the Amended Complaint for Failure to State a Claim (Doc. 60) be granted to the extent it seeks to vacate the Clerk's entry of default against Quill.[1] Plaintiff Christina Paylan filed an Objection to

---

[1] The Report and Recommendation does not address that portion of Quill's Motion seeking to dismiss the Amended Complaint, and the Court defers consideration of that portion.

the Report and Recommendation (Doc. 122), and Quill filed a response to the Objection (Doc. 128). This matter is therefore ripe for review.

## I.    BACKGROUND

This lawsuit arises over the investigation, arrest, and prosecution of Paylan by various law enforcement officers, state attorneys, and private individuals. As alleged, Quill is, and at all relevant times was, a reserve police officer with the Tampa Police Department, and spearheaded the retaliatory actions against Paylan. Doc. 51 ¶ 28. Paylan filed a Return of Service as to Quill on June 30, 2015, indicating that Quill had been served through the Tampa Police Department on June 11, 2015. Doc. 25. After Quill failed to file a responsive pleading or any other motion, on July 6, 2015, Paylan filed a motion for entry of clerk's default against Quill. Doc. 37. The Clerk entered default against Quill on July 7, 2015. Doc. 41.

On July 22, 2015, Quill filed a motion seeking, in part, to vacate the default. Doc. 60. The Magistrate Judge recommended that the Court vacate the default. Doc. 115. Paylan now objects to the Magistrate Judge's recommendation.

## II.   STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72.

The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

**III. DISCUSSION**

Quill argues that the Court should vacate the default against him because Paylan failed to properly serve him, thus precluding the entry of default. Specifically, Quill contends that service was defective because Paylan served him only through the Tampa Police Department, but she was required to serve him personally or upon an adult at his residence.[2] In recommending that the Court vacate the default, the Magistrate Judge found that, regardless of whether service had been properly effectuated, Quill had demonstrated "good cause" for such relief. *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . . ."). In so finding, the Magistrate Judge noted that "the facts appear to portray a scenario in which Mr. Quill assumed service could be properly made upon and the case defensed through the Tampa Police Department. . . . In fact, many of the materials and facts submitted by Plaintiff in support of the proposition that Mr. Quill willfully disregarded the judicial process – such as Mr. Quill's reference to Florida Statutes 119 and his mistaken belief that he could not be served personally . . . only serve to buttress the conclusion that Mr. Quill's actions constituted confusion rather than intentional or reckless disregard for the judicial process." Doc. 115 at 3. The Magistrate Judge further noted that the delay was only twenty days; Quill's subsequent activity indicates that he intends to mount a defense to this action; and the only prejudice to Paylan would be Quill's ability to litigate certain of his defenses on the merits. *See id.*

---

[2] Michael Quill is sued in his individual and official capacities. *See* Doc. 1 at ¶ 20 and Doc. 51 at ¶ 28.

3

Paylan objects to the Report and Recommendation. She requests that the Court receive and consider additional evidence, which, according to her, would dispute that Quill was "truly confused" when he failed to respond to the Complaint, and would show that his failure to respond was actually "calculated." Paylan offers that, around the time of entry of default, Quill closed the PO Box that he had been using for at least three years, and that he waited fifteen days before signing for the certified letters she had been sending him.

The Court declines to grant Paylan's request. Even assuming *arguendo* that Quill was attempting to avoid or otherwise delay service, it is undisputed that he was not in fact served personally or at his residence prior to the entry of default. And regardless of whether Quill had been properly served through the Tampa Police Department, the Court finds that he has raised a bona fide argument regarding whether he could be properly served through the Tampa Police Department, which, if successful, would absolve him of any duty to respond. *See Robinson v. Hogansville Police Dep't*, 159 Fed. App'x 137, 139 (11th Cir. 2005) (holding that the failure to properly serve a defendant constitutes good cause for setting aside an entry of default). Thus, the fact that Quill has raised a legitimate question regarding whether he had been properly served undercuts Paylan's contention that he intentionally disregarded the judicial proceedings.

Moreover, the brief twenty-day delay caused by Quill's failure to respond did not cause Paylan any prejudice beyond the time and resources Paylan has expended in her attempts to obtain a default judgment. Indeed, Quill's prompt attempt to vacate the default further undercuts Paylan's contention that his failure to respond was intentional. Because there is no clear evidence of willfulness or any prejudice to Paylan's ability to prosecute her case, the Court agrees with the Magistrate Judge that Quill has shown good cause to vacate the default, especially in light of the well-established principle that "defaults are seen with disfavor because of the strong policy in

determining cases on their merits," *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

Accordingly, it is hereby **ORDERED**:

1. The Report and Recommendation of the Magistrate Judge is **adopted, confirmed, and approved**, and is made a part of this Order for all purposes, including appellate review.

2. Paylan's objection is **OVERRULED.**

3. Quill's Motion to Vacate Default and to Dismiss the Amended Complaint for Failure to State a Claim (Doc. 60) is **GRANTED** to the extent it seeks to vacate the default; and

4. The Clerk's Entry of Default (Doc. 41) is **VACATED**.

5. The Court **DEFERS** ruling on Quill's Motion to the extent it seeks to dismiss the Amended Complaint for failure to state a claim.

**DONE AND ORDERED** in Tampa, Florida on October 28, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any
Magistrate Judge Anthony E. Porcelli