UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA PAYLAN,

     Plaintiff,

v.                                    Case No: 8:15-cv-1366-T-36AEP

PAMELA BONDI, PAMELA BONDI,
MARK OBER, MARK OBER, DARRELL
DIRKS, CHRISTINE BROWN,
CHRISTINE BROWN, CITY OF TAMPA,
JANE CASTOR, JANE CASTOR, BRIAN
BISHOP, BRIAN BISHOP, MARK
DETRIO, MARK DETRIO, MICHAEL
QUILL, MICHAEL QUILL, JEFFREY
MORELOCK, JEFFREY MORELOCK,
RUSSELL MARCOTRIGIANO, RUSSELL
MARCOTRIGIANO, COMANECI
DEVAGE, COMANECI DEVAGE,
KHALIL ABDO, MARIE SILVA, DOES,
DARRELL DIRKS, HILLSBOROUGH
COUNTY SHERIFF'S OFFICE and
KENNETH MORMAN,

     Defendants.

_____/

### **O R D E R**

     This cause comes before the Court on the Report and Recommendation of Magistrate Judge

Anthony E. Porcelli (Doc. 160).  In the Report and Recommendation, Magistrate Judge Porcelli

recommends that the Court:

(1) deny Defendant Michael Quill's Motion to Vacate Default and to Dismiss the Amended Complaint for Failure to State a Claim (Doc. 60) to the extent it seeks dismissal for invalid service[1];

(2) deny Paylan's Motion to Strike Quill's Motion to Dismiss the Amended Complaint for Failure to State a Claim (Doc. 63);

(3) deny Quill's Motion to Quash Service of Process (Doc. 65);

(4) deny Paylan's Request to Strike Duplicative Pleading (Doc. 85);

(5) deny Paylan's Motion to Strike Discovery Requests Propounded by Default Defendant Michael Quill (Doc. 126); and

(6) deny as moot Paylan's Motion for Leave to File a Reply to Dkt #127 (Doc. 129) and Paylan's Certificate of Compliance re: Dkt #129 (Doc. 132), filed as a motion to supplement her Motion for Leave to File a Reply.

Quill filed an Objection to the Report and Recommendation (Doc. 161), and the time for any other party to file an objection or to respond thereto has expired.  No other party filed an objection or responded to Quill's Objection.  This matter is therefore ripe for review.

## I.      BACKGROUND

This lawsuit arises over the investigation, arrest, and prosecution of Paylan by various law enforcement officers, state attorneys, and private individuals.  As alleged, Quill is, and at all relevant times was, a reserve police officer with the Tampa Police Department, and spearheaded the retaliatory actions against Paylan.  Doc. 51 ¶ 28.

---

[1] The Report and Recommendation does not address the remaining portion of the motion seeking to dismiss the Amended Complaint for failure to state a claim, and the Court defers consideration of that portion of the motion.

Proceeding *pro se*, Paylan, filed her initial Complaint on June 9, 2015, asserting claims against, *inter alia*, Quill in both his official and individual capacities.  Doc. 1 ¶ 20.  Paylan initially attempted to serve Quill by leaving a copy of the Summons and the Complaint with an employee of the City of Tampa on June 11, 2015.  *See* Doc. 25 at 2.  After Quill failed to respond to the lawsuit, Paylan sought, and obtained, entry of a clerk's default.  *See* Docs. 37, 41.  Quill moved to vacate the default and dismiss the complaint, arguing, *inter alia*, that he had not been properly served in his individual capacity, and also moved to quash service of process.  *See* Docs. 60, 65. Paylan opposed these motions, noting that she had mailed two certified letters to Quill apprising him of his default status, and also moved to strike Quill's motion to dismiss on the ground that Quill was in default and to strike Quill's motion to quash service of process on the ground that it was a duplicative pleading.  *See* Docs. 63, 85.  Subsequently, on October 9, 2015, Paylan re-served Quill by delivering a copy of the Summons and the Complaint to Quill's wife at the Quills' residence.  *See* Doc. 123.

While Quill was in default and his motions were pending, Quill propounded certain discovery requests on Paylan.  Paylan moved to strike the discovery, arguing that Quill could not properly serve discovery due to his default status.  *See* Doc. 126.  Quill opposed the motion, *see* Doc. 127, and Paylan moved for leave to file a reply in further support of her motion as well as to supplement her motion for leave to file a reply, *see* Docs. 129, 132.  Thereafter, the Court entered an order vacating the clerk's entry of default as to Quill.  *See* Doc. 142.

In the Report and Recommendation, the Magistrate Judge recommends denying Quill's motions.  The Magistrate Judge also recommends denying each of Paylan's motions.  Quill now objects to the Magistrate Judge's recommendation that his motions be denied.

## II.     STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990).  With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review.  *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993).  The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge.  Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions.  *Id.*

## III.     DISCUSSION

### A.     Quill's Motions

In his motions, Quill argues that he was not properly served in his individual capacity on June 11, 2015.[2]  In the Report and Recommendation, the Magistrate Judge recommends denying Quill's motions to the extent they relate to improper service because Quill waived his right to challenge the sufficiency of service or, in the alternative, was properly re-served on October 9,

---

[2] Although it is not entirely clear whether Quill is challenging service in his individual capacity or in his official capacity (or both), the Court, for two reasons, will treat Quill's motions as challenging only service in his individual capacity.  *First*, Quill's motions only discuss service in his individual capacity.  *See* Doc. 60 at 1-3 (discussing only service upon an individual); Doc. 65 at 2-3 (same).  *Second*, it is unclear whether Attorney Berman may file motions on Quill's behalf in his official capacity, because suits against state officials in their official capacity are to be treated as suits against the State, *see Hafer v. Melo*, 502 U.S. 21, 25 (1991), but Attorney Berman has yet to file a notice of appearance, and the City of Tampa, a separately named defendant in this case, is represented by Attorney Richardson, *see* Doc. 8.  If Quill wishes to challenge service in his official capacity, *his attorney in that capacity* must file a motion *specifically addressing* Quill's entitlement to any such relief.

2015.  Quill objects, arguing that he did not waive his right to challenge the sufficiency of service and that service on October 9, 2015 was improper.

After careful consideration, the Court finds that Quill was properly served on October 9, 2015.[3]  Federal Rule of Civil Procedure 4(e) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"; "delivering a copy of the summons and of the complaint to the individual personally"; "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e).  Under Florida law, "[s]ervice of original process is made by delivering a copy of it to the person to be served . . . or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents."  Fla. Stat. § 48.031(1)(a).

According to the version of Federal Rule of Civil Procedure 4(m) in effect at the time of the commencement of this action, a plaintiff has 120 days to complete service.  *See* Fed. R. Civ. P. 4(m) (2007).[4]  However, a court must extend the time for service "for an appropriate period" if the plaintiff shows "good cause" for failure to complete service within the prescribed time limit. *Id.*  Moreover, even absent a showing of good cause, a court has the discretion to extend the time for service of process.  *See Wright v. Georgia*, — Fed. App'x —, 2015 WL 6077335, at *1 (11th Cir. Oct. 16, 2015); *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

---

[3] The Court therefore need not (and does not) address whether Quill, by his actions, has waived his right to challenge the sufficiency of service.

[4] Effective December 1, 2015, Rule 4(m) now affords a plaintiff only 90 days to serve the defendant.  *See* Fed. R. Civ. P. 4(m) (2015).

Quill does not dispute that service on October 9, 2015 conformed to the requirements of Rule 4(e).  Quill contends, however, that service on October 9, 2015 was improper because it occurred 122 days after the filing of the Complaint and Paylan is not entitled to an extension of time to complete service.[5]  The Court disagrees.  Although service was not completed within the time prescribed by Rule 4(m), the Court finds that Paylan is entitled to an extension of time to cover the period in which Quill was re-served.  *First*, good cause exists for granting the extension of time.  Paylan, a *pro se* plaintiff, made a reasonable, good faith (albeit faulty) attempt to timely serve Quill on June 11, 2015, made additional good faith attempts to notify Quill of his purported default, and re-served Quill a mere two days after the expiration of the deadline for service.  In light of Paylan's substantial efforts to timely serve Quill and her *pro se* status, the Court finds that good cause clearly exists for granting this short extension of time.  *Second*, even if good cause did not exist, in consideration of the aforementioned factors, the Court would exercise its discretion to grant the extension.  *See Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1282 (11th Cir. 2007) (holding that, even absent a showing of good cause, a district court must consider whether "any other circumstances" would warrant granting an extension of time to complete service).

Therefore, because the Court finds that Paylan is entitled to an extension of time through October 2015 to complete service and Quill was otherwise properly served on October 9, 2015,

---

[5] Quill, through Attorney Berman, claims that Paylan's failure to properly serve him was a result of her "greed" and "malicious desire to receive a default judgment," and further states that her "arrogance" does not constitute good cause.  *See* Doc. 161 at 6-7.  The Court will take this opportunity to remind Attorney Berman that, as an officer of the Court and a member of the Florida State Bar, he has the duty to behave in a civil manner.  *See* Florida Bar Rules of Professional Conduct, Preamble (noting that a lawyer has an "obligation to protect and pursue a client's legitimate interests . . . *while maintaining a professional, courteous, and civil attitude toward all persons involved in the legal system*.") (emphasis added).  Name-calling by ***any party*** will not be tolerated by this Court and may result in the imposition of sanctions.

the Court will overrule Quill's objection and deny as moot Quill's motion to quash service and Quill's motion to dismiss to the extent it seeks dismissal for invalid service.

###### B.    Paylan's Motions

No party objects to the Magistrate Judge's recommendation that the Court deny each of Paylan's motions.   Having reviewed the Report and Recommendation, and in light of the discussion in Section III.A, *supra*, as well as the Court's order vacating the clerk's entry of default as to Quill, *see* Doc. 142, the Court finds no error with the Report and Recommendation regarding the disposition of Paylan's motions.

## IV.    CONCLUSION

For the reasons stated above, it is hereby **ORDERED**:

1.    The Report and Recommendation of the Magistrate Judge (Doc. 160) is **adopted, confirmed, and approved**, and is made a part of this Order for all purposes, including appellate review.

2.    Quill's Objection (Doc. 161) is **OVERRULED.**

3.    Quill's Motion to Vacate Default and to Dismiss the Amended Complaint for Failure to State a Claim (Doc. 60) is **DENIED AS MOOT** to the extent it seeks dismissal for invalid service;

4.    Paylan's Motion to Strike Quill's Motion to Dismiss the Amended Complaint for Failure to State a Claim (Doc. 63) is **DENIED**;

5.    Quill's Motion to Quash Service of Process (Doc. 65) is **DENIED AS MOOT**;

6.    Paylan's Request to Strike Duplicative Pleading (Doc. 85) is **DENIED**;

7.    Paylan's Motion to Strike Discovery Requests Propounded by Default Defendant Michael Quill (Doc. 126) is **DENIED**; and

8.      Paylan's Motion for Leave to File a Reply to Dkt #127 (Doc. 129) and Paylan's Certificate of Compliance re: Dkt #129 (Doc. 132), filed as a motion to supplement her Motion for Leave to File a Reply, are **DENIED AS MOOT**.

9.      The Court **DEFERS** ruling on Quill's Motion (Doc. 60) to the extent it seeks to dismiss the Amended Complaint for failure to state a claim.

**DONE AND ORDERED** in Tampa, Florida on December 30, 2015.

*Charlene Edwards Honeywell*

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any
Magistrate Judge Anthony E. Porcelli