UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA PAYLAN,

    Plaintiff,

v.                                                          Case No: 8:15-cv-1366-T-36AEP

COMANECI DEVAGE, *et al.*,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon the Plaintiff's Motion to Voluntarily Dismiss Defendant Comaneci DeVage Without Prejudice with Tolling Preserved (Doc. 470), filed on June 18, 2017. Defendant Comaneci DeVage filed a response in opposition (Doc. 471). In the motion, Plaintiff requests that the Court dismiss Defendant DeVage without prejudice and toll the statute of limitations to avoid piecemeal litigation and permit her to pursue the appeal of this Court's March 28, 2017 Order dismissing all of her other claims. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion to Voluntarily Dismiss Defendant Comaneci DeVage Without Prejudice with Tolling Preserved.

    **I.    BACKGROUND**

On March 28, 2017, this Court entered an Order (Doc. 438), adopting the Magistrate Judge's Report and Recommendation (Doc. 419), granting fourteen of the Defendants' motions to dismiss. The Court denied DeVage's Motion to Dismiss (Doc. 246) holding that Paylan alleged sufficient facts to state a claim for relief. The Order directed the Magistrate Judge to determine what discovery, if any, remained for the parties to resolve Paylan's claims against DeVage in Counts Thirteen and Fifteen of the Corrected Verified Second Amended Complaint (Doc. 232)

and to set a date for trial. Doc. 438 at 24. On April 19, 2017, Paylan appealed this Court's March 27, 2018 Order. Doc. 459.

On May 17, 2017, the Magistrate Judge conducted a case management conference and ordered Paylan and DeVage to submit a proposed case management report within thirty days. Doc. 468. The parties discussed the proposed case management report, *see* Doc. 471-1; but did not submit one for the Court's review. On June 6, 2017, the Eleventh Circuit dismissed Paylan's appeal *sua sponte* for lack of jurisdiction. Doc. 469. On June 18, 2017, Paylan filed this motion.

## II. LEGAL STANDARD

Rule 41(a) of the Federal Rules of Civil Procedure governs a plaintiff's ability to dismiss an action voluntarily and without prejudice. *See* Fed.R.Civ.P. 41(a). The rule allows a plaintiff to do so without seeking leave of court, as long as the defendant has not yet filed an answer or a motion for summary judgment. *Id*. at 41(a)(1)(A). If a defendant has made such a filing, the plaintiff must obtain permission from the court to voluntarily dismiss the case. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id*. at 41(a)(2). Such a dismissal is without prejudice unless otherwise specified by the court. *Id*.

The decision to grant a voluntary dismissal pursuant to Rule 41(a)(2) falls within the sound discretion of the district court. *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). *See also Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam) ("A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)"). Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit. *Id*.

"Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004). The statute of limitations is not automatically tolled in such a situation, absent some additional reason. *Justice v. United States*, 6 F.3d 1474, 1479–80 (11th Cir. 1993). Although the court may equitably toll the limitations period, the plaintiff must establish that tolling is warranted. *Bost,* 372 F.3d at 1242. Equitable tolling "is an extraordinary remedy which should be extended only sparingly." *Id.*

### III. DISCUSSION

Paylan argues that proceeding with litigation against the only remaining defendant, DeVage, will lead to piecemeal litigation. Doc. 470 at 1. She requests that the Court dismiss DeVage from the case under Rule 41(a)(2) and toll the statute of limitations. *Id*. By doing so, she argues, the Court will permit her to pursue her appeal of this Court's March 28, 2017 Order dismissing all of the other claims in her Corrected Verified Second Amended Complaint. In light of the Eleventh Circuit's holding that the Order was not final and therefore not ripe for appeal, the motion is Paylan's attempt to obtain a final order. *See* Doc. 469 at 3.

Paylan cites *LeCompte v. Mr. Chip, Inc.*, 528 F. 2d 601, 602-03 (5th Cir. 1976); for the proposition that "a district court's order granting voluntary dismissal without prejudice under Rule 41(a)(2) is final and appealable by the Defendant and would permit the review of a preceding nonfinal order dismissing other defendants." [1] Doc. 470 at 2. She also cites *Aaro, Inc. v. Daewoo*

---

[1] *LeCompte* states that " '[w]here the trial court allows the plaintiff to dismiss his action without prejudice, the judgment, of course, qualifies as a final judgment for purposes of appeal. Ordinarily, though, *plaintiff* cannot appeal therefrom, since it does not qualify as an involuntary adverse judgment so far as the plaintiff is concerned.' " 528 F.2d at 603 (quoting 5 Moore's Federal Practice ¶ 41.05[3], at 1068 (2d ed. 1975)) (emphasis added).

3

*International (America) Corp.*, 755 F. 2d 1398, 1400 (11th Cir. 1985); and *Kirkland v. National Mortg. Network, Inc.*, 884 F. 2d 1367, 1369-70 (11th Cir. 1989); for the proposition that as a final judgment the requested order would ripen for appellate review this Court's March 28, 2017 Order. Doc. 470 at 2. She further asserts that the Court's entry of her requested order would not prejudice DeVage because she has already taken DeVage's deposition, the claims against DeVage are limited and isolated in nature from the claims against the other Defendants, and any delay in this case caused by the appeal would not negatively affect DeVage. *Id*.

DeVage responds that she will suffer clear prejudice because she will have to wait for a "lengthy, uncertain amount of time to resolve the claims against her by Paylan." Doc. 471 at 2. And, DeVage contends, Paylan's argument amounts to mere inconvenience which is not a basis for equitable tolling. Although the parties need to conduct further discovery and the damages discovery will be the same for all the Defendants, DeVage argues that she should not be subject to court-ordered tolling of the applicable statute of limitations. *Id*. Further, she argues, Paylan has not met her burden to obtain application of equitable tolling under these facts.

The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986) (citation and internal quotation marks omitted). The Court must consider whether "the defendant [would] lose any substantial right by the dismissal." *Pontenberg*, 252 F.3d at 1255 (citation omitted). But, ultimately, the determination of whether to grant such a dismissal falls within the sound discretion of the district court. *Fisher v. Puerto Rico Marine Mgt., Inc.,* 940 F.2d 1502, 1503 (11th Cir. 1991) (citing *LeCompte*, 528 F.2d at 604). While the district court "should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants, the court should also weigh the relevant equities and do justice

4

between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Arias*, 776 F.3d at 1269 (quoting *McCants*, 781 F.2d at 857) (internal quotation marks and citation omitted).

Paylan requests equitable tolling as a condition of the Rule 41(a)(2) dismissal. " 'Equitable tolling' is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998). In *Wallace v. Kato*, the Supreme Court described equitable tolling as "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." 549 U.S. 384 (2007) (discussing tolling of statute of limitations in § 1983 litigation). In the Eleventh Circuit, the doctrine is "applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

Paylan has failed to demonstrate why the Court should dismiss the case against DeVage without prejudice and toll the statute of limitations. This case involves events that occurred in 2011 and it has been pending before this Court since 2015. No further delay is justified in prosecuting this case. DeVage is entitled to a timely resolution of the allegations against her and she will suffer prejudice by further delay. DeVage should not be subject to court-ordered tolling of the statute of limitations for Paylan's appellate convenience. Having weighed the relevant equities, to do justice between the parties, the Court must deny the motion. *See Arias*, 776 F.3d at 1272.

Although Paylan has pursued her rights diligently, as demonstrated by the history of this case and related litigation, she has not articulated an "extraordinary circumstance" that stood in

her way to prevent prosecution of this case, such that equitable tolling of the statute of limitations should occur. Rather, Paylan requests equitable tolling so that she can dismiss her claims against DeVage, without prejudice to refiling the claims upon the conclusion of the appeal of the dismissal of the other counts in the Corrected Verified Second Amended Complaint, if warranted by the decision of the appellate court. Unfortunately, if Paylan dismisses her claims against DeVage she may be unable to refile, due to the expiration of the statute of limitations. These facts do not establish entitlement to equitable tolling of the statute of limitations for her claims against DeVage.

IV. **CONCLUSION**

To date, DeVage has filed neither an answer to the Corrected Verified Second Amended Complaint nor a motion for summary judgment on the claims against her. Paylan may voluntarily dismiss her claim against DeVage under Rule 41(a). *See* Fed.R.Civ.P. 41(a)(1)(A)(i). The Court is cognizant that if Paylan does so, the statute of limitations on her claim may run[2], and she may be subject to costs if she re-files her suit against DeVage, as well as attorneys' fees. *See* Fed.R.Civ.P. 41(d).[3]

Nonetheless, Paylan has not demonstrated any compelling reason for the Court to dismiss the claim under Rule 41(a)(2) with tolling of the statute of limitations. The equities are not in Paylan's favor and DeVage will be prejudiced with a continued delay in prosecuting the claims

---

[2] Paylan's § 1983 claims are governed by Florida's residual personal injury statute of limitations, which permits an action to be brought four years from the date of accrual. Fla. Stat. § 95.11(3)(p); *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n. 2 (11th Cir. 2002). The events surrounding her claims against DeVage occurred in 2011. Doc. 438 at 3.

[3] Rule 41(d) states that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied. Fed.R.Civ.P. 41(d). DeVage also claims potential entitlement to cost and fees pursuant to Fed.R.Civ.P. 54(d)(1) & 68; 42 U.S.C. § 1988, and Fla. Stat. § 768.79 in the event of dismissal. Doc. 471 at 3.

against her. Paylan has identified no extraordinary circumstance beyond her control to justify a tolling of the statute of limitations. Therefore, the motion will be denied.

**Accordingly, it is ORDERED**:

1. Plaintiff's Motion to Voluntarily Dismiss Defendant Comaneci DeVage Without Prejudice with Tolling Preserved (Doc. 470) is **DENIED**. Paylan, of course, may dismiss her claims against DeVage, pursuant to Rule 41(a)(1), Fed. R. Civ. P., without an Order of the Court, if she so chooses.

**DONE AND ORDERED** in Tampa, Florida on July 7, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any